### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTONIO SUSTAITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 19-4150-MMM |
| | ) | |
| JOHN BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW**

Plaintiff, proceeding *pro se*, at the Hill Correctional Center (Hill), files a complaint under 42 U.S.C. § 1983 against 13 Defendants, alleging excessive force, deliberate indifference to his serious medical needs and, perhaps medical malpractice. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff is an experienced litigator who has filed 13 cases in the past three years. Plaintiff reveals that he has previously litigated several claims alleging deliberate indifference in the treatment of his 2014 right shoulder and left biceps injuries. Plaintiff files this complaint,

1

alleging in part, that he has received inadequate treatment for these injuries since July 2017.

Plaintiff pleads that on an unidentified date in July 2017, he was walking close to a hand ball court when a ball went out of bounds. Plaintiff hit the ball and felt a "pop" in his right shoulder, accompanied by pain. Plaintiff sought medical treatment and was referred to physical therapist, Defendant Dr. McEwan, whom he had seen previously. Defendant McEwan prescribed a "double pillow," which, Plaintiff claims, Defendant Administrator Lindorff refused to provide.

On an unidentified date, Plaintiff was seen by Defendant Dr. Bautista. Dr. Bautista agreed to renew Plaintiff's special needs permanents, not otherwise identified, and to issue a permit that Plaintiff be cuffed only with "belly-chains." While it is not clear, it appears that a belly-chain permit would allow Plaintiff to be cuffed from the front, rather than the back. Regardless, Plaintiff claims that Dr. Bautista failed to order the permit, leaving him at risk of injury.

In January 2018, Plaintiff complained to Dr. Bautista that the physical therapy was causing him increased pain. Dr. Bautista thereafter requested a collegial review to discuss referring Plaintiff to a specialist and sending him for an MRI. Plaintiff alleges that the request was denied by Defendant Dr. Garcia, a Wexford supervisor.

On June 6, 2018, Plaintiff was to be temporarily transferred to the Danville Correctional Center on a court writ. At the time, Hill was on a Level 1 lockdown, and Defendant Warden Dorothy had ordered that all inmates be cuffed from behind. Officer Tracey, not a party, prepared Plaintiff for transport and advised him to turn around so he could be handcuffed. Plaintiff indicated that he could not be cuffed from the back, asking that the officer check with Defendant Bautista. Officer Tracy left momentarily and when he returned, indicated that

2

Defendant Lieutenant Carothers had approved Plaintiff being cuffed from the front.

Officer Tracy thereafter escorted Plaintiff to the foyer where they were met by Defendant Lieutenant Ford. Defendant Ford demanded that Plaintiff be handcuffed from the back and, despite Plaintiff's protests, forcefully handcuffed him. Plaintiff claims that when his arms were placed behind his back, he felt a pop and experienced extreme pain in his right shoulder. When he asked Defendant Ford to take him to the healthcare unit, Defendant refused. Instead, Plaintiff was directly transported to Danville. Plaintiff claims that Danville staff ordered physical therapy, but otherwise left him to suffer.

On June 20, 2018, Plaintiff was transferred back to Hill. Plaintiff asserts that he submitted nursing sick call requests but was not seen until November 2018. He does not indicate, however, to whom he submitted the requests. When Plaintiff was seen in November 2018, Defendant Dr. Garcia approved a referral to an outside orthopedist, Dr. Schierer. Plaintiff claims, however, that Dr. Shearer was the same surgeon who had operated on "the wrong shoulder" on June 9, 2016.

Plaintiff was subsequently seen by Dr. Shearer on an unidentified date. At that time, Defendant Shearer apparently told Plaintiff he would not re-operate on the right shoulder. Plaintiff allegedly pointed out to Defendant that he had previously operated on the left, not the right shoulder as there was no surgical scar on the right. Plaintiff indicates that Defendant Shearer apologized, and he believes the apology was an admission that Defendant had operated on the wrong shoulder. Defendant thereafter undertook an MRI, finding that right rotator cuff surgery was indicated. Plaintiff does not reveal when, and if, the surgery was undertaken.

Plaintiff summarily alleges, without detail, that Defendant Nurse Practitioner Steele and Defendant Nurse Young and Defendant Lindorff repeatedly denied him access to medical care.

He also implicates Defendant Dorethy as deliberately indifferent for allegedly finding that he had been treated appropriately, perhaps a reference to her having denied his grievances.

## ANALYSIS

A plaintiff may only join several defendants in one suit if all claims arise out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). Here, the court finds that Plaintiff attempts to assert a series of unrelated claims in one complaint. He alleges that in July 2017, Defendant Lindorff failed to provide him a double pillow which had been ordered by Dr. McEwan. He claims that on an unidentified date, Dr. Bautista failed to order a belly-chain permit and that on another unidentified date, Dr. Garcia refused to authorize a referral and MRI. Plaintiff also alleges a June 6, 2018 excessive force claim against Defendant Ford in which he names Defendant Carothers, asserting only that Defendant Carothers allowed Plaintiff to be cuffed from the front as he wanted.

Plaintiff also appears to allege an Eighth Amendment or, perhaps, a medical malpractice action against Defendant Dr. Schierer, for operating on the wrong shoulder in 2016. Plaintiff does not assert, however, that Defendant Schierer was a state actor, at the times alleged. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007) (plaintiff in Section 1983 action must show that the constitutional violation was committed by a person acting under the color of state law). As a result, he does not plead an Eighth Amendment claim. Even if it were otherwise, if Plaintiff was aware in 2016 that Defendant Schierer had operated on the wrong shoulder, the claim appears beyond the statute of limitations. *See Woods v. Illinois Dept. of Children and Family Services*, 710 F.3d 762, 766 (7th Cir. 2013) (Illinois two-year personal injury statute of limitations applied to § 1983 claims); 735 Ill. Comp. Stat. 5/13-202.

If Plaintiff intends to assert a medical negligence claim against Defendant Schierer, it is misjoined with the other actions and, furthermore, does not comply with Illinois law. The Healing Arts Malpractice statute requires that a plaintiff file with the complaint, an affidavit and written report by a health professional, known as a "certificate of merit." The certificate of merit must attest that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a). *See Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). As Plaintiff has not included a certificate of merit with his complaint, the medical negligence claim is DISMISSED without prejudice.

Plaintiff fails to allege that Defendants Baldwin and Dorethy or Wexford CEO Defendant Conn personally participated in the alleged wrongs and, therefore, fails to state a claim against them. Individuals who did not participate in a constitutional violation cannot be held liable. *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005); *see also, Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* does not apply to § 1983 claims).

Plaintiff's claims against Defendants Steele, Young and Lindorff are too devoid of detail to state a claim. Plaintiff names Defendants McEwan and Carothers but fails to allege any misconduct on their parts. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

Plaintiff cannot proceed on the complaint as filed, but will be given an opportunity to amend his complaint within 30 days. Plaintiff is cautioned that he is not to include unrelated claims against unrelated individuals in an amended complaint. If Plaintiff wishes to proceed on all of these actions, he will have to file them as several individual cases with responsibility for each of the filing fees. "[U]nrelated claims against different defendants belong in separate

lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act…" *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) citing 28 U.S.C. § 1915(b), (g).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for the reasons identified and the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading and is to comply with the Court's instructions. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. The Court notes that Plaintiff has filed his complaint without providing his litigation history. Plaintiff is ordered, within 30 days, to file a complete litigation history with the Court.

11/8/2019　　　　　　　　　　　　　　　　　s/Michael M. Mihm
ENTERED　　　　　　　　　　　　　　　　　MICHAEL M. MIHM
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE