UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO SUSTAITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 19-4150-MMM |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW- AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, at the Hill Correctional Center (Hill), files an amended complaint under 42 U.S.C. § 1983 against 12 Defendants, alleging excessive force, deliberate indifference to his serious medical needs, retaliation, failure to protect and negligence. The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff initial complaint was dismissed, in part, as it included unrelated claims against unrelated individuals. Undeterred, Plaintiff files an amended complaint against the same disparate group of Defendants alleging yet additional causes of action. Plaintiff indicates that

he sustained a shoulder injury on June 5, 2017and was prescribed a course of physical therapy. The therapy was undertaken by Defendant Doctor McEwen who ordered that Plaintiff be provided a double pillow, not particularly described. Plaintiff alleges that Defendant Lindorff, the Health Care Administrator, refused to provide it, telling Plaintiff he could buy a pillow in the commissary. When Plaintiff claim complained to Doctor McEwen, he too, advised Plaintiff to buy a pillow. Plaintiff claims, however, that he had did not have the money to purchase a pillow and suffered unnecessary and extreme shoulder pain.

Plaintiff makes an unrelated claim that, the following year, Defendant Dr. Bautista submitted a February 21, 201authorization to refer Plaintiff to a specialist. Plaintiff does not reveal why he needed such a referral, and it is presumed that it was in relation to his shoulder injury. The authorization was denied by Defendant Wexford.

Next, Plaintiff asserts an excessive force claim against Defendant Ford. Plaintiff claims that on June 6, 2018, Defendant Ford forcibly cuffed his hands behind his back even though Plaintiff had a front-cuffing permit. He claims that when this occurred, he heard a "pop," and this shoulder was re-injured.

On unidentified dates, Plaintiff submitted several sick call slips which did not receive a response. When Plaintiff complained to Nurse Practitioner Defendant Steele, she allegedly told him that the slips were being thrown out. Plaintiff filed grievances regarding the destruction of the sick call slips. Defendant Steele allegedly refused to see him on a subsequent occasion in retaliation for his grievance revealing that she knew the slips were being discarded.

Plaintiff complains that Dr. Schierer, an outside specialist to whom he was referred some time after September 5, 2018, provided inadequate medical care. Plaintiff alleges that on an unidentified previous date, Dr. Schierer had operated on Plaintiff's left shoulder. When

Plaintiff presented on September 5, 2018 for treatment to his right shoulder, Defendant Schierer mistakenly believed that the previous surgery had been to Plaintiff's right, rather than left shoulder. When Plaintiff pointed this out, Defendant Schierer allegedly apologized for having operated on the "wrong" shoulder. Notwithstanding this admission, on November 20, 2018, Defendant undertook surgery to Plaintiff's right shoulder.

Plaintiff alleges that Defendants Baldwin, Dorethy, Lindorff, Corothers and Ford were aware of his pain and, from July 2017 through November 2018 failed to protect him. He alleges, without any detail, that Nurse Young would not submit his sick call slips to Dr. Bautista. He alleges, also, without detail, that Drs. Garcia and Bautista and Warden Dorethy would not approve a referral to an orthopedic specialist.

Plaintiff alleges that Defendants Bautista, Garcia, Steele, McEwan, and Lindorff were deliberately indifferent to his medical needs. He alleges that Defendants Bautista, Garcia, Dorethy, Schierer, Lindorff, Baldwin, Ford and Carruthers were negligent.

## ANALYSIS

Here, Plaintiff has clearly misjoined unrelated claims against unrelated Defendants. This, despite the previous instructions by the Court:

> If Plaintiff wishes to proceed on all of these actions, he will have to file them as several individual cases with responsibility for each of the filing fees. "[U]nrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act…" *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) citing 28 U.S.C. § 1915(b), (g). *See* November 8, 2019 Merit Review Order [ECF 6].

A plaintiff may only join several defendants in one suit if all claims arise out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). "[M]ultiple

3

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). *See also*, *Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008). "Moreover, the fact that Claim A shares two out of twenty defendants in common with unrelated Claim B and its ten defendants, does not mean that Claim A and Claim B are appropriately united in a single action. Again, defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law. (Internal citation omitted).

Here, Plaintiff seeks to name in one complaint any Defendant who had any interaction with him in relation to his shoulder over a one and-a-half year span. These claims do not involve single transactions or occurrences and cannot proceed in one action. "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012). If Plaintiff wishes to proceed in the various claims against the various Defendants, he must file separate actions with responsibility for the attendant filing fees. …" *Owens*, 635 F.3d at 952.

Plaintiff's amended complaint is DISMISSED. He will be given one final opportunity to replead in a second amended complaint.

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is dismissed for the reasons identified and the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity, within 30 days, to replead. The pleading is to be captioned Second Amended

Complaint and is not to include unrelated claims against unrelated individuals.  For instance, Plaintiff can plead against Defendants Lindorff and McEwan regarding the failure to provide him a double pillow, or against Defendant Ford for exerting excessive force against him, or against Drs. Bautista and Garcia for failing to refer him to a specialist, etc.  He may not, however, plead them all in one complaint.  If Plaintiff's files a second amended complaint and does not heed these instructions, his complaint will be dismissed with prejudice for failure to follow the Court's orders.


 4/30/2020                                             _____s/Michael M. Mihm_____
ENTERED                                                    MICHAEL M. MIHM
                                                    UNITED STATES DISTRICT JUDGE