UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO SUSTAITA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 19-4150-MMM |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW- SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* at the Hill Correctional Center (Hill), files a second amended complaint under 42 U.S.C. § 1983 against the State of Illinois, the Illinois Department of Corrections ("IDOC"), IDOC Director John Baldwin, Drs. Bautista and Garcia, Nurse Practitioner Steele, Lt. Ford and Hill Warden Stephanie Dorethy. Plaintiff alleges the unconstitutional use of force, deliberate indifference, retaliation, and state law claims of assault and battery. Plaintiff's two prior complaints were dismissed, primarily for his attempts to join unrelated claims against unrelated individuals.

The Court now proceeds to "screen" Plaintiff's second amended complaint, as required by 28 U.S.C. § 1915, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. In reviewing the second amended complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Enough facts must be provided to "state a claim for

relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff pleads that "on June 6th," Officer Tracey, not a party, removed him from his cell so he could be transferred to the Danville Correctional Center ("Danville")on a court writ. While Plaintiff does not identify the year of this event, reading his complaint in context, it appears that the referenced date is June 6, 2018. When Officer Tracey attempted to cuff Plaintiff behind his back, Plaintiff indicated that he had a front cuffing permit as he had recently undergone shoulder surgery. The Officer checked and determined this to be true, cuffing Plaintiff from the front. As the two walked through the building, they were met by Defendant Lieutenant Ford who asked why Plaintiff was cuffed from the front. Officer Tracey and Plaintiff both explained that Plaintiff had a front cuffing permit. Notwithstanding, Defendant Ford forcibly cuffed Plaintiff from the back, reinjuring his shoulder and causing Plaintiff to fall to his knees in pain. When Plaintiff requested medical attention, Defendant Ford refused it. Plaintiff was thereafter escorted out of the building and transferred to Danville.

When Plaintiff arrived at Danville, he requested medical care which was likewise refused. Plaintiff does not identify any Danville staff from whom he requested treatment, does not plead the particulars of any such request and does not name Danville staff as Defendants.

On June 20, 2018, Plaintiff returned to Hill. There, he requested medical treatment of various individuals which was either delayed or denied. Plaintiff believes the lack of care was caused, in part, by a Wexford policy requiring that a prisoner file three sick call requests before being seen by a physician. Plaintiff goes on to name several individuals, including Defendant Doctors Bautista and Garcia, as well as Nurse Practitioner Steele. Plaintiff also asserts that NP Steele retaliated against him, and that Defendant Warden Dorethy did nothing, even though she

"knew" from reading Plaintiff's complaints of the retaliation, deliberate indifference, and excessesive use of force.

While Plaintiff has successfully pled claims against Defendant Ford, he goes on to assert unrelated claims against Defendants Bautista, Garcia and Steele, as well as an unrelated *Monell* claim against Wexford.[1] These later events occurred on or after June 20, 2018 and are unrelated to the June 6, 2018 f excessive force and deliberate indifference allegedly exerted by Defendant Ford. The Court has, in fact, painstakingly instructed Plaintiff in two prior merit review orders that he is not to join defendants in one suit unless all of the claims arise out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). Those claims which are unrelated to the allegations against Defendant Ford are dismissed without prejudice to Plaintiff asserting them in a separate action.

Plaintiff also pleads unrelated claims against Warden Dorethy. The only claim which might be relevant here, is that Defendant Dorethy was made aware that Defendant Ford had allegedly engaged in excessive force toward Plaintiff. However, this knowledge, gleaned after the fact, is insufficient to support that Warden Dorethy had liability for these actions. "Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.) Defendant Dorethy is DISMISSED.

---

[1] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) (municipality liable will attach where constitutional injury resulted from a municipality's policy or practice).

Plaintiff will be allowed to proceed here on the claims that Defendant Ford exerted unnecessary force against him and was deliberately indifferent to his serious medical needs on June 6, 2018, in violation of the Eighth Amendment. He will also proceed against Defendant Ford on state law claims of assault and battery.

The remaining claims are dismissed for misjoinder. If Plaintiff wishes to proceed on these claims, he must file them in a separate action with responsibility for the attendant filing fee.

While Plaintiff asserts a claim for money damages against the State of Illinois and IDOC, neither is a "person" for purposes of §1983 liability. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (a state or state agency is not a "person" amenable to suit for money damages under § 1983). *See also*, *Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013)(dismissing IDOC and the East Moline Correctional Center as not persons amendable to suit under § 1983). In addition, the State of Illinois and IDOC enjoy Eleventh Amendment sovereign immunity from a suit for money damages. *Wynn v. Southward*, 251 F.3d 588, 591 (7th Cir. 2001); *Kentucky v. Graham*, 473 U.S. 159 (1985). Any claim for money damages against the State of Illinois and IDOC is DISMISSED with prejudice.

While the State and IDOC might otherwise be amenable in a claim for injunctive relief, Plaintiff's request for injunctive relief addresses only the Wexford policy under which an inmate will not be seen by a physician until he has submitted three sick call slips. As this is not a State or IDOC policy, and as Plaintiff does not allege that the State or IDOC has authority over Wexford policies, an injunctive relief claim cannot proceed against these Defendants. *See Grayson v. Goetting*, No. 15-00198, 2015 WL 887800, at *4 (S.D. Ill. Feb. 27, 2015) (a claim for injunctive relief is to be asserted against those parties who would have the responsibility "for

ensuring injunctive relief is carried out."); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The State of Illinois and IDOC are DISMISSED as to this claim as well.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force, deliberate indifference and state law assault and battery claims against Defendant Ford identified herein. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. All other Defendants are DISMISSED. The State of Illinois and IDOC are DISMISSED with prejudice as to the § 1983 claim for money damages.

2. The Clerk is directed to send Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED:   3/26/2021

                                             s/Michael M. Mihm
                                               MICHAEL M. MIHM
                                      UNITED STATES DISTRICT JUDGE